**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 1 2 2005

**MATTHEW J. DYKMAN**
**CLERK**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    No. CV-05-0173 RB/LAM
    CR-03-2010 RB

LUIS CARLOS MACIAS-LOPEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, sua sponte under 28 U.S.C. § 2255 R. 4(b), for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 19) filed February 15, 2005. Defendant pleaded guilty to an information and was convicted of reentry by a deported alien previously convicted of an aggravated felony. 8 U.S.C. §§ 1326(a)(1) and (2) and (b)(2). He was sentenced to 46 months of imprisonment, in part as a result of the prior aggravated felony conviction. § 1326(b)(2). Defendant did not appeal his conviction or sentence. In his § 2255 motion, Defendant claims his sentence and the use of prior convictions violate his Sixth Amendment rights. He does not deny that he was previously deported after committing an aggravated felony. The motion and a concurrently filed affidavit also contain claims of ineffective assistance of counsel.

Defendant's claims are raised under *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), and *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Defendant first argues that, under *Blakely*, the Court's enhancement of his sentence based on prior convictions violated his Sixth



Amendment right to a jury trial. This claim is barred under the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." *Apprendi*, 530 U.S. at 490; *see also United States v. Soto-Ornelas*, 312 F.3d 1167, 1170 (10th Cir. 2002). *Blakely* does not overrule the "prior conviction" exception to the *Apprendi* rule. Furthermore, the recent decision in *United States v. Booker*, --- U.S. ---, No. 04-104, 2005 WL 50108 (U.S. Jan. 12, 2005), which declares the mandatory application of the Sentencing Guidelines unconstitutional, 2005 WL 50108, at *24, applies only to pending cases and those on direct review, 2005 WL 50108, at *29; *see also Leonard v. United States*, 383 F.3d 1146, 1147-48 (10th Cir. 2004). Defendant's case is not on direct review, and his claim under *Blakely* will be denied.

Defendant also argues that, under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and *Blakely*, his conviction under 8 U.S.C. § 1326 is unconstitutional. This claim does not survive scrutiny. Defendant was charged, convicted, and sentenced under §§ 1326(a)(1) and (2) and (b)(2), which prohibit reentry by a deported alien. The terms of § 1326(b)(2) provide an increased sentence for a defendant with a prior felony conviction. In *Almendarez-Torres*, the Supreme Court expressly allowed enhancement of a sentence based on prior convictions. 523 U.S. at 246-47. The decision in *Almendarez-Torres* has been criticized but not overruled, *see Apprendi*, 530 U.S. at 489-90, and the Court will dismiss these claims.

In a second claim, Defendant contends his attorney provided ineffective assistance by failing to raise *Blakely* and *Almendarez-Torres* issues on appeal. "To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him." *United States v. Harfst*, 168 F.3d 398, 402

2

(10th Cir. 1999). The Court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)). As indicated above, Defendant's arguments under *Blakely* and *Almendarez-Torres* are unavailing, and he was not prejudiced by his attorney'e failure to make these arguments on appeal. This claim will be dismissed.

Defendant filed an affidavit concurrently with the motion, making additional allegations of prejudicial conduct by his attorney. Under the rule of liberal construction of pro se pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), these allegations are construed as a second claim of ineffective assistance of counsel. The Court will conduct further review of the record in this criminal proceeding before ruling on this claim.

IT IS THEREFORE ORDERED that Defendant's claims of illegal sentence and ineffective assistance of counsel in the § 2255 motion are DISMISSED with prejudice;

IT IS FURTHER ORDERED that a ruling on the claim of ineffective assistance of counsel raised in Defendant's affidavit is DEFERRED pending further review of the record.

UNITED STATES DISTRICT JUDGE

3